IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

      Plaintiff,

   -vs-                                                                                                                                 CRIMINAL No. 02-0566 LH

CHRISTOPHER LUCERO,

      Defendant.


## MEMORANDUM OPINION

**THIS MATTER** comes on for consideration of Defendant's Second Motion to Reduce Sentence (Docket No. 45), filed July 2, 2012. The Court, having reviewed the record in this matter, the Memorandum by the United States Probation Office, and the applicable law, finds that the Motion is not well taken and will be **denied**. The Court, however, will **grant** its Motion under 18 U.S.C. § 3582(c)(2) and reduce Defendant's sentence to 180 months.

On February 26, 2003, the Court sentenced Defendant to a term of 181 months imprisonment for violations of 18 U.S.C. §§ 841(b)(1)(A) and 924(c), as charged in Counts 1 and 2, respectively. Defendant's guideline sentencing range for possession with intent to distribute 126.3 grams of cocaine base was 121-151 months and the charge of carrying a firearm in relation to a drug felony carried a mandatory consecutive 60-months sentence.

On October 23, 2008, Defendant filed his Motion to Reduce Sentence (Docket No. 37), pursuant to the initial retroactive reduction of the applicable cocaine base guidelines by the United

States Sentencing Commission. Amendment 706 lowered the base offense level for cocaine base offenses. After application of the statutory mandatory minimum sentence of 120 months for offenses involving 50 grams or more of cocaine base, Defendant's guideline range for Count I was reduced to 120-125 months. Considering the factors set forth in 18 U.S.C. § 3553(a), public safety, and Defendant's post-sentencing conduct, however, the Court denied the Motion to Reduce Sentence. Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 41), filed Dec. 11, 2008.

Defendant now moves for a reduction in his sentence on Count 1, pursuant to the Fair Sentencing Act of 2010 ("FSA"), the subsequent retroactive amendments to the Sentencing Guidelines, and *Dorsey v. United States*, 567 U.S. ___, 132 S. Ct. 2321 (2012). In *Dorsey* the Supreme Court held that the new reduced cocaine base mandatory minimums of the FSA apply retroactively to post-Act original sentencing proceedings for offenses that occurred prior to the effective date of the Act. Defendant argues that the logic of the *Dorsey* ruling is equally applicable to resentencings under § 3582(c)(2). Thus, he contends that he now is not subject to a ten-year mandatory minimum sentence on Count 1 and asks to be resentenced at the low end of his new guideline range of 84-105 months. This would result in a total sentence of 144 months and a projected release date of December 1, 2012.

Despite the fact that the government did not oppose this Motion, the Court must find that the statutory mandatory minimum sentence in effect at the time Defendant was originally sentenced remains applicable to him. *See United States v. Wormley*, 2012 WL 2948183 at 1 (10th Cir. July 20, 2012) (argument that lower mandatory minimums in FSA apply retroactively to offenders who were sentenced before Act's effective date is foreclosed by circuit precedent; federal courts of

appeals are unanimous in this respect; *Dorsey* stands for narrow proposition that lower mandatory minimums in FSA apply to defendants who committed offense before effective date, but were sentenced after FSA took effect). Indeed, the *Dorsey* Court recognized that although disparities would continue to exist for those sentenced before the FSA's effective date of August 3, 2010, Defendant's argument cannot prevail:

> We also recognize that application of the new [statutory mandatory] minimums to pre-Act offenders sentenced after August 3 will create a new set of disparities. But those disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences (unless Congress intends re-opening sentencing proceedings concluded prior to a new law's effective date). We have explained how *in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced*. And we have explained how, here, continued application of the old 1986 Drug Act minimums to those pre-Act offenders sentenced after August 3 would make matters worse. We consequently conclude that *this particular new disparity (between those pre-Act offenders already sentenced and those not yet sentenced as of August 3) cannot make a critical difference*.

567 U.S. at ___, 132 S. Ct. at 2335 (emphasis added) (internal citations omitted). *See also United States v. Fenner*, 2012 WL 2884988 at 1 (D. Minn. July 13, 2012) (citing cases for proposition that no court has granted relief based on *Dorsey* to a defendant sentenced before effective date of the FSA). Therefore, to the extent that Defendant's sentence is based on the statutory mandatory minimum term of imprisonment, not upon a sentencing range that has subsequently been lowered by the United States Sentencing Commission, this Court lacks jurisdiction under 18 U.S.C. § 3582(c)(2) to resentence him in light of the new post-Act minimum sentences.

The Court can and does, however, take notice of Defendant's post-sentencing behavior since it denied his first Motion to Reduce Sentence on December 11, 2008. While prior to then, Defendant was sanctioned numerous times, according to the Bureau of Prisons Sentry Disciplinary

Record, he subsequently has no sanctions for violations.  Rather, the record shows that since June 2009, Defendant has completed over 1300 hours of computer and restaurant training classes and has an upgraded security classification of medium.  Given this positive change in behavior, the Court, *sua sponte*, will exercise its discretion to reduce Defendant's sentence for Count 1 to the mandatory minimum 120 months, for a total sentence on Counts 1 and 2 of 180 months.  *See* 18 U.S.C. § 3582(c)(2) ("in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon . . . its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

Appropriate Orders will issue contemporaneously with this Memorandum Opinion.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**